UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE POOLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:05-CV-2277 (JCH) |
| ) | |
| ) | |
| DANA D. THOMPSON[1], et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on Petitioner George Poole's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2), filed December 5, 2005. On March 7, 1997, the Circuit Court of the City St. Louis, Missouri found Petitioner guilty of Involuntary Manslaughter and thirteen counts of Stealing. (Pet., Doc. No. 2 Ex. A3). Petitioner was sentenced to a ten year term of imprisonment. (Id.).

On June 3, 2003, Petitioner was granted a conditional release by the Missouri Board of Probation and Parole ("Board"). (Id.). The Board placed conditions on his release, such as completion of an out-patient mental health evaluation, completion of an out-patient assaultive-aggressive program, and working toward earning a GED.[2] (Id.). Petitioner refused to sign his conditional release form. (Id.).

---

[1] Petitioner originally named the Missouri Board of Probation and Parole as Respondent. (Pet., Doc. No. 2). The proper Respondent is Dana D. Thompson, who is the Chairman of the Missouri Board of Probation and Parole. 28 U.S.C. § 2254, Rule 2(a).

[2] Petitioner was placed on other conditions that are not pertinent to this claim.

Petitioner filed a federal habeas petition ("First Petition") on September 9, 2005. (4:05-cv-1418 DDN, Doc. No. 3). It claimed that the Board violated his constitutional rights by: (1) not providing him with notice of the conditions of his release; (2) by releasing him on June 13, 2003 instead of June 3, 2003; (3) by requiring him to attend programs that he could not afford; (4) by failing to tell him that he had to pay for these programs; and (5) by trying to arrange a meeting with him in order to arrest him. (Pet., Doc. No. 2). On November 29, 2005, the Court dismissed his First Petition for failure to exhaust state court remedies. (4:05-cv-1418 DDN Doc. No. 7-9). On December 5, 2005, Petitioner filed the habeas petition presently before the Court ("Second Petition"). (Doc. No. 2). It contains the same claims as the First Petition. (Compare 4:05-CV-1418 DDN, First Pet. Doc. No. 3; with 4:05-CV-2277 JCH, Second Pet., Doc. No. 2).

## DISCUSSION

Respondent asserts that the Second Petition must be dismissed because Petitioner has not exhausted his state court remedies. Petitioner alleges that his state court remedies are exhausted, but offers no evidence to support this allegation. The statute governing habeas procedures provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State.

28 U.S.C. § 2254(b)(1)(A). The Eighth Circuit has explained the exhaustion requirement as follows:

> The exhaustion requirement "is grounded primarily upon the respect which federal courts have for the state judicial processes and upon the administrative necessities of the federal judiciary." A federal court may "properly intervene" only when "state remedies have been exhausted without the federal claim having been vindicated" because state and federal courts share the same responsibility to protect the constitutional rights of criminal defendants. We cannot assume that state courts fail to carry out that responsibility.

Victor v. Hopkins, 90 F.3d 276, 279 (8th Cir. 1996)(internal citations omitted). Petitioner has the burden of showing that his claims are exhausted or that exceptional circumstances excuse his failure to exhaust. Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998). Petitioner has not exhausted

his state court remedies or shown that exceptional circumstances exist. Thus, the Court must dismiss his Second Petition without prejudice. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Accordingly,

**IT IS HEREBY ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 2) is **DISMISSED** without prejudice. An appropriate Order of Dismissal will accompany this Memorandum.

**IT IS FURTHER ORDERED** that Petitioner may not refile this cause of action without first obtaining the leave of the Court.[3]

**IT IS FURTHER ORDERED** that Petitioner will not be granted a certificate of appealability with respect to the claims raised in his Petition for Writ of Habeas Corpus at this time.

Dated this 30th day of March, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[3] On November 1, 2006, The Eastern District of Missouri banned George Poole, due to his abuse of the judicial process, from filing any new lawsuits without first obtaining leave of the Court. (4:06-MC-595 CEJ, Order of the Court En Banc, Doc. No. 1).